ADAM C. BROWN (SBN 161951)
**HILL RIVKINS BROWN & ASSOCIATES**
**A Professional Law Corporation**
11140 Fair Oaks Boulevard, Suite 100
Fair Oaks, CA 95628
Telephone: (916) 535-0263
Facsimile: (916) 535-0268
adam@hillrivkinsbrown.com

Attorneys for Plaintiff,
FOODLINX INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOODLINX INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHINA NAVIGATION COMPANY PTE LTD d/b/a POLYNESIA LINE, a foreign entity; and Does 1 through 15, inclusive<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**[Injury or Damage to Cargo]** |

Plaintiff FOODLINX INC. ("Foodlinx"), alleges upon information and belief as follows:

**PARTIES**

1. Plaintiff Foodlinx, is, and all times mentioned herein was, a corporation organized and existing under the laws of the State of California, and at all times mentioned herein was and still is in the business of exporting temperature controlled food products and was the owner of the shipments which are the subject of this lawsuit.

2. Defendant The China Navigation Company PTE Ltd d/b/a Polynesia Line ("CNCO") was and now is a corporation organized and existing under the laws of the Republic of Singapore and was and now is registered as a foreign entity authorized to do business in the State of California and actually did and does business in the State of California with a California

office at 818 Fifth Avenue, Suite 300, San Rafael, California 94901 and a headquarters at 300 Beach Road #27-01, The Concourse, Singapore, Singapore 199555.

3. CNCO, at all relevant times, was and still is in the business of carrying shipments of cargo by ocean and was carrier of the shipments which are the subject of this lawsuit.

4. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 15, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the DOE Defendants is responsible in some manner for the events and happenings herein referred to, and thereby proximately caused the injuries and damages as herein alleged.

5. At all times material hereto, the Defendants, and each of them, including the Doe Defendants, were the agents, servants or employees of each Defendant named herein, and at all of said times, each said Defendant was acting within the course and scope of said agency, service or employment.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1333 and this is an admiralty and maritime claim within the meaning of Rule 9(h) or the Federal Rules of Civil Procedure, as this matter arises out of the international shipment of goods by ocean carriage.

7. Defendant is subject to the personal jurisdiction of this Court by virtue of transacting business within and through this District and the State of California and by consenting to personal jurisdiction by virtue of its registration as a foreign entity and authority to do business in this District and the State of California.

8. Venue is proper under 28 U.S.C. 1391 as defendant resides in or transacts business within the District and a substantial part of the events or omissions giving rise to the claim occurred in the District.

**FIRST CLAIM FOR RELIEF**
**[Injury or Damage to Cargo - -46 U.S.C. § 1301, et seq., the Carriage of Goods by Sea Act (COGSA)]**

9. On or before September 14, 2015, there was delivered to Defendant a shipment of 919 cases of frozen food stuffs ("Shipment 1") in good order and condition and suitable in every respect for the subject transportation which Defendant received, accepted and agreed to transport for certain consideration from Oakland, California to Papeete, French Polynesia pursuant to bill of lading PUSOAK008362.

10. Defendant failed to re-deliver Shipment 1 in the same good order and condition as when it was received.

11. By reasons of the premises, Defendant breached and violated its duties and obligations as common carrier and bailee of the cargo, was negligent and careless in its handling of Shipment 1 and was otherwise at fault.

12. Plaintiff was the shipper, owner, and/or consignee of Shipment 1 and brings this action on its own behalf and on behalf of all parties who are or may become interested in Shipment 1, including but not limited to subrogated cargo underwriters, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

13. Plaintiff has performed all duties and obligation concerning Shipment 1 on its part to be performed.

14. As a direct and proximate cause and by reason of the premises, Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the total amount of $50,165.12.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

**SECOND CLAIM FOR RELIEF**
**[Injury or Damage to Cargo - -46 U.S.C. § 1301, *et seq.*, the Carriage of Goods by Sea Act (COGSA)]**

15. On or about October 9, 2015, there was delivered to Defendant a shipment of 1715 cases of chill fresh eggs ("Shipment 2") in good order and condition and suitable in every respect for the subject transportation which Defendant received, accepted and agreed to transport

3
COMPLAINT FOR DAMAGES

for certain consideration from Oakland, California to Pago Pago, American Samoa pursuant to bill of lading PUSOAK008786.

16. Defendant failed to re-deliver Shipment 2 in the same good order and condition as when it was received.

17. By reasons of the premises, Defendant breached and violated its duties and obligations as common carrier and bailee of the cargo, was negligent and careless in its handling of Shipment 2 and was otherwise at fault.

18. Plaintiff was the shipper, owner and/or consignee of Shipment 2 and brings this action on its own behalf and on behalf of all parties who are or may become interested in Shipment 2, including but not limited to subrogated cargo underwriters, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

19. Plaintiff has performed all duties and obligation concerning Shipment 2 on its part to be performed.

20. As a direct and proximate cause and by reason of the premises, Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the total amount of $56,445.77.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For judgment in favor of Plaintiff and against Defendants on the First Claim for Relief in the amount of its damages, according to proof at trial but not less than $50,165.12, together with interest, costs and attorneys' fees;

2. For judgment in favor of Plaintiff and against Defendants on the Second Claim for Relief in the amount of its damages, according to proof at trial but not less than $56,445.77, together with interest, costs and attorneys' fees; and

4
COMPLAINT FOR DAMAGES

3. For such other and further relief as the Court may deem proper.

Date: September 20, 2016

HILL RIVKINS BROWN & ASSOCIATES
A Professional Law Corporation

By: _____
ADAM C. BROWN
Attorneys for Plaintiff FOODLINX INC.